Straw v. Visiting Nurse Ass'n & Hospice of Vt./N.H., No. 741-10-09 Wrcv (Eaton, J., Jan. 12, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WINDSOR COUNTY, SS

|  |  |
|---|---|
| Michelle Straw<br><br> v.<br><br>Visiting Nurse Association and Hospice<br>of Vermont/New Hampshire | Docket No. 741-10-09 Wrcv |

DECISION ON MOTION TO DISMISS

Plaintiff Michelle Straw is a licensed nurse who was recently fired from her employment with defendant Visiting Nurse Association and Hospice of Vermont and New Hampshire. In her complaint, Ms. Straw alleges that the adverse employment action was the result of unlawful age discrimination. She also alleges in the second count that the termination was wrongful because defendant promised her at one point that it would "have a definite place and need for you."

The present matter before the court is defendant's motion to dismiss the second count. Defendant contends that the promise alleged in the complaint is not specific enough to be enforceable as a matter of Vermont law.

Motions to dismiss are designed to test the law of the claim, rather than the facts that support them. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). "A court should not dismiss a cause of action for failure to state a claim upon which relief may be granted unless it appears beyond doubt that there exist no circumstances or facts which the plaintiff could prove about the claim made in his complaint which would entitle him to relief." *Ass'n of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443, 446 (1985) (quotations omitted).

Here, plaintiff alleges in her complaint that defendant made a promise of continued employment, and that the termination was a breach of that promise. It is well established that promissory estoppel is a valid and independent cause of action that may be raised by at-will employees in order to prove wrongful discharge. *Foote v. Simmonds Precision Products Co., Inc.*, 158 Vt. 566, 571 (1992). The cause of action requires the employee to demonstrate that "the termination was in breach of a specific promise made by the employer that the employer should have reasonably expected to induce detrimental reliance on the part of the employee, and that the employee did in fact detrimentally rely on the promise." *Dillon v. Champion Jogbra, Inc.*, 175 Vt. 1, 9 (2002).

Defendant contends that the promise was not specific enough to meet the elements of promissory estoppel. Evaluating this contention, however, would require the court to engage in a factual analysis regarding the content of the promise and the

circumstances under which the promise was made. Such an evaluation amounts to a determination of whether plaintiff's claim has merit, rather than whether plaintiff has stated a claim in the first instance.

As the Vermont Supreme Court has made clear, motions to dismiss are not the appropriate time or place to consider the factual strength of the plaintiff's case. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 14, 184 Vt. 1. It is better to undertake an assessment of the merits of the promissory estoppel claim at the summary judgment stage, after an adequate period of discovery. See, e.g., *Dillon*, 175 Vt. at 9–10 (evaluating on summary judgment whether promise was specific enough to modify plaintiff's at-will status). For this reason, the motion to dismiss is denied.

## ORDER

Defendant's Motion to Dismiss Count II (MPR #2), filed Dec. 4, 2009, is ***denied***.

Dated at Woodstock, Vermont, this _____ day of January, 2010.

_____
Hon. Harold E. Eaton, Jr.
Presiding Judge